**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WILLIAM EDWARD RILEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:10-CV-380 |
| SUPERINTENDENT, Indiana State Prison, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Respondent's response to the Court's order to show cause. For the reasons set forth below, pursuant to 28 U.S.C. § 2244(d)(1), the petition is **DISMISSED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner William Riley, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 Lake County convictions for dealing in a counterfeit substance, dealing in cocaine, possession of cocaine, and being a habitual offender, for which he received a sixty year sentence. The Respondent argues that the petition is untimely.

DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition

for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations.

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari has passed. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4,5 (2000).

Riley took a direct appeal and the Indiana Supreme Court affirmed his convictions on May 11, 1999 (DE 12-4). Accordingly, his convictions became final on August 9, 1999, and he had until August 9, 2000, within which to file either a petition for writ of habeas corpus or a state petition for post-conviction relief that would toll the statute of limitations. 28 U.S.C.§ 2244(d)(1)(A).

Riley filed a petition for post-conviction relief on July 20, 2000, (DE 12-1 at 12), which he voluntarily withdrew on April 8, 2002 (DE 12-1 at 11). Riley refiled his petition for post-conviction relief on November 18, 2002, (DE 12-1 at 11), which remained pending until the trial court denied it on February 10, 2009 (DE 12-1 at 4). The Indiana Court of Appeals affirmed the denial of post-conviction relief on November 13, 2009, (DE 12-5), and the Indiana Supreme Court denied transfer on January 14, 2010 (DE 12-3 at 6).

Three hundred forty five days elapsed from the date Riley's convictions became final until he filed his petition for post-conviction relief on July 20, 2000. This petition for post-conviction relief stayed the statute of limitations until Riley withdrew it, at which point the statute of limitations resumed running. Another 224 days elapsed from April 8, 2002, the date the Petitioner withdrew his petition, until he re-filed it on November 18, 2002. Thus, the statute of limitations ran before Riley re-filed his petition on November, 18, 2002.

Riley's petition for writ of habeas relief is also untimely under the balance of the provisions in § 2244(d)(1). The Petitioner does not suggest that he was unable to raise the claims set forth in his petition for writ of habeas corpus because of any impediment created by the State of Indiana, nor does he assert that his claims in this petition are founded on new law made

3

retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Thus, the petition is barred as untimely under 28 U.S.C. § 2244(d)(1).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant Riley a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Riley's petition for writ of habeas corpus is barred by the

statute of limitations.  Riley has not established that jurists of reason could debate the correctness of this ruling or find a reason to encourage him to proceed further.  Accordingly, the Court declines to issue Riley a certificate of appealability.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), **DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

**DATED: August 3, 2011**            /S/RUDY LOZANO, Judge
                                     **United States District Court**